| | |
|---|---|
| THOMAS BRODZIK, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CONTRACTORS STEEL, INC. and )<br>MARTY HAENDIGES, )<br>    Defendants. ) | Cause No.: 2:13-CV-438-JD-PRC |

**AMENDED FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This Amended Findings, Report, and Recommendation is issued to correct the August 15, 2014 original Findings, Report, and Recommendation, which was, in part, incorrect and improvidently issued.

This matter is before the Court on Defendants' 12(b)(6) Motion to Dismiss Counts I, II, and III of Plaintiff's Complaint [DE 8], filed on February 21, 2014. District Court Judge Jon E. DeGuilio entered an Order [DE 13] on April 4, 2014, referring this matter to the undersigned Magistrate Judge for a report and recommendation on this motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Amended Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

**I. Procedural Background**

Plaintiff filed a four-count Complaint on November 27, 2013, alleging Family and Medical Leave Act (FMLA) Interference and Retaliation (Counts I and II), disability discrimination (Count III), and age discrimination (Count IV). Defendants filed this Motion to Dismiss on February 21, 2014, seeking dismissal of Counts I–III. The motion became fully briefed on May 19, 2014.

## II. Factual Allegations[1]

Plaintiff began working for Defendant Contractors Steel, Inc. on September 12, 2010. At all relevant times, Contractors Steel employed at least fifty people total, but Plaintiff does not allege that it employed fifty or more people at either the Hammond, Indiana, plant where Plaintiff worked or within a seventy-five mile radius of the Hammond, Indiana, plant.

Plaintiff had hernia surgery in the summer of 2012 and returned to work on August 27, 2012, after a six-week recovery leave. He does not allege that he had any physical or mental restrictions as a result of the surgery.

Shortly after Plaintiff's return to work, Defendant Marty Haendiges, one of Plaintiff's supervisors, met with Plaintiff in Haendiges's office. Plaintiff was told that he was being removed from his job in outside sales and being transferred to a position doing inside sales. This, according to Plaintiff, entailed a drastic change in duties; instead of traveling, Plaintiff's new position required him to work in an office full time. Plaintiff's pay was based in part on sales commissions, and he anticipated that his income would decrease substantially as a result of the transfer.

In addition to telling Plaintiff that he was being transferred to inside sales, Haendiges belittled and screamed at Plaintiff. Nevertheless, Plaintiff alleges that he told Haendiges that he would do whatever was needed, but that he would need training and patience since he had not worked in inside sales before. Plaintiff alleges that Haendiges accused Plaintiff of lying about the need for training and told him that he would not train him because he did not have the time. Haendiges also told Plaintiff that he made too much money and that he wasn't acting like a man.

---

[1] Because this is a motion to dismiss—*see* Part III, *infra*—the Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn from those facts. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

Haendiges then looked at Plaintiff and made threatening comments, suggesting that he would kill Plaintiff (or somebody else).

After this diatribe, Haendiges left the building, slamming the door shut on his way out. Plaintiff believed the threats—he had seen Haendiges's temper in action before—and he left the premises. As a result of this, he stopped working at Contractors Steel, claiming that he was constructively fired.

### III. Procedural Posture and Standard of Review

Both sides have attached affidavits to their briefs that speak to the number of people employed by Defendant Contractors Steel at the Hammond, Indiana, plant. But under Federal Rule of Civil Procedure 12(b)(6), when a document is attached to a motion to dismiss, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 and proceed in accordance with the latter rule, or exclude the document attached to the motion to dismiss and continue under Rule 12." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). There is a narrow exception to this rule when the document is referred to in the complaint and is central to the claim. *Id.* (citing *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). This exception is "aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Id.* Though the affidavits bear on an issue central to Plaintiff's claims—namely, whether the provisions of the FMLA apply to this case—neither is mentioned in the Complaint. They are thus not appropriately considered on a motion to dismiss. And given the paucity of the briefing and that no discovery has taken place, the undersigned recommends that Judge DeGuilio decline to construe this motion as a Motion for Summary Judgment.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The United States Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678–79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

## IV. Analysis

Defendants contend that Plaintiff is not an "eligible employee" under the FMLA and that Plaintiff is not disabled under the Americans with Disabilities Act (ADA), warranting the dismissal of Counts I–III of Plaintiff's Complaint. The Court considers each argument in turn.

### A. "Eligible Employee" Under the FMLA

The FMLA's protections do not apply to "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611. Defendants contend that, because Contractors Steel did not meet this employment threshold, Plaintiff cannot proceed with his FMLA claims.

Plaintiffs generally must allege in their Complaint that they meet the FMLA's specific requirements for who qualifies as an eligible employee. *See Bennett v. Wal-Mart Store, Inc.*, 11-3066, 2011 WL 1899362, at *3 (C.D. Ill. May 19, 2011) ("[T]he Complaint does not allege Plaintiff worked 1,250 hours or more in the 12 months before the questioned leave. Therefore, Plaintiff has failed to allege he is an eligible employee and his claim does not present a case under the FMLA." (citations omitted)); *Blidy v. Examination Mgmt. Servs., Inc.*, 96 C 3553, 1996 WL 568786, at *3 (N.D. Ill. Oct. 2, 1996); *Thurston v. Borden Waste-Away Serv., Inc.*, 3:96-CV-674RP, 1998 WL 456441, at *14 (N.D. Ind. May 19, 1998); *but see Collins v. Midwest Med. Records Ass'n*, 07-CV-437, 2007 WL 7166826, at *2 (E.D. Wis. Oct. 5, 2007) ("Collins' failure to specifically allege that MMRA employed 50 or more employees within 75 miles of her worksite does not require the court

to dismiss her FMLA claim.").[2] Though Plaintiff alleges that he is, in fact, an eligible employee under the FMLA, this is a purely legal conclusion. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Complaint alleges only that Contractors Steel employed more than fifty people total, not that it employed fifty or more people at the Hammond, Indiana, plant where Plaintiff worked or within a seventy-five mile radius of his workplace.

This is a close case since the Complaint does not allege (though the parties both agree in their briefs) that Defendant operated multiple worksites in different states. But, given the parties' agreement in the briefing that Defendant has a number of work sites in different states and because, as discussed below, the undersigned recommends that Plaintiff be given leave to amend his Complaint with regard to his ADA claim, the undersigned recommends that Judge DeGuilio dismiss Counts I and II without prejudice and with leave for Plaintiff to file an amended Complaint.

As such, the undersigned recommends that Defendant's request that Counts I and II be dismissed *with* prejudice be denied. Though Defendant contends that Plaintiff cannot in good faith plead that Defendant employed fifty people at the Hammond plant or within a seventy-five mile radius, it is evident from briefing and the attached affidavits (which, as mentioned, are inappropriate on a motion to dismiss) that Plaintiff vehemently disputes this contention. The issue thus appears to be more appropriate for adjudication on a motion for summary judgment, filed after discovery has taken place.

---

[2] It is worth noting that, in reaching this conclusion, the *Collins* court relied on the abrogated pleading standards articulated in *Conley v. Gibson*. *See Collins v. Midwest Med. Records Ass'n*, 07-CV-437, 2007 WL 7166826, at *2 (E.D. Wis. Oct. 5, 2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## B. ADA Claims

Defendants allege that Plaintiff was not disabled under the ADA and thus cannot proceed with his claim for disability discrimination. Plaintiff's ADA claim arises after January 1, 2009, so the ADA Amendments Act of 2008 (ADAAA) therefore applies. 42 U.S.C. § 12101; *see also Fredricksen v. United Parcel Serv., Co.*, 581 F.3d 516, 521 n.1 (7th Cir. 2009). "The ADAAA 'substantially broadened the definition of a disability under the law, in explicit response to *Sutton v. United Air Lines*, 527 U.S. 471 (1999) and *Toyota Motor Mfg. v. Williams*, 534 U.S. 184 (2002), in which the ADA's terms defining disability had been strictly defined.'" *Wanamaker v. Westport Bd. of Educ.*, 899 F. Supp. 2d 193, 210 (D. Conn. 2012) (quoting *Hutchinson v. Ecolab, Inc.*, 3:09CV1848 JBA, 2011 WL 4542957, at *7 (D. Conn. Sept. 28, 2011)).

To establish that he has a "disability" under the ADAAA, Plaintiff must show either that (1) he has "a physical or mental impairment that substantially limits him in one or more major life activities"; (2) he has "a record of such an impairment"; or (3) that the employer regarded him "as having such an impairment." 42 U.S.C. § 12102(1); *Bodenstab v. County of Cook*, 569 F.3d 651, 656 (7th Cir. 2009). Plaintiff contends that he alleged disability under each prong, and the Court accordingly considers each in turn.

### *1. Impairment that Substantially Limits One or More Major Life Activities*

As just mentioned, "[a]n impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(ii); *Butler v. BTC Foods Inc.*, CIV.A. 12-492, 2012 WL 5315034, at *2 (E.D. Pa. Oct. 19, 2012) ("Plaintiff is required to plead that an impairment substantially limits a major life activity to survive a motion to dismiss." (citing 29

C.F.R. § 1630.2(j)(ii))). Under the ADAAA, "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Under the ADAAA, "the term 'substantially limits' [is to be] interpreted and applied to require a degree of functional limitation that is lower than the standard for 'substantially limits' applied prior to the ADAAA." *Butler*, 2012 WL 5315034, at *2 (quoting 29 C.F.R. § 1630.2(j)(iv)). Indeed, the term "substantially limits" does not set forth a "demanding standard." 29 C.F.R. § 1630.2(j)(i). The impairment does not need to prevent or even significantly restrict someone from performing a major life activity in order to be considered substantially limiting. *See Butler*, 2012 WL 5315034, at *2 (citing 29 C.F.R. § 1630.2(j)(ii)).

Nevertheless, many short term impairments, such as Plaintiff's recovery period for his hernia surgery, still do not qualify as a disability under the revised standard of the ADAAA. *Butler*, 2012 WL 5315034, at *2 (finding that the plaintiff's hernia, hernia surgery, and six-week recovery period did not substantially limit a major life activity); *Wanamaker*, 899 F. Supp. 2d at 211. "Impairments that last only for a short period of time are typically not covered, although they may be covered if sufficiently severe." *Wanamaker*, 899 F. Supp. 2d at 211 (quoting 29 C.F.R. § 1630); *accord Butler*, 2012 WL 5315034, at *3 ("[A]n employee's inability to work for a period after recovering from surgery does not necessarily support a finding that Plaintiff has a disability under the ADA."). And though episodic impairments are disabling if they substantially limit a major life activity when active, 42 U.S.C. § 12102(4)(D), there is nothing in Plaintiff's Complaint to suggest that Plaintiff's hernia and the resulting surgery was "anything more than a one-time occurrence." *Butler*, 2012 WL

8

5315034, at *2 (citing 42 § 12102(4)(D)).

The undersigned therefore recommends that Judge DeGuilio find that, as currently pled, Plaintiff's Complaint does not allege facts sufficient for a finding that he had a physical or mental impairment that substantially limited him in one or more major life activities. *See Butler*, 2012 WL 5315034, at *3; *see also Budde v. Kane Cnty. Forest Pres.*, 603 F. Supp. 2d 1136, 1141 (N.D. Ill. 2009), *aff'd*, 597 F.3d 860 (7th Cir. 2010).

### *2. Record of Impairment*

Plaintiff does not allege that he has any history or record of impairment other than his hernia. Since this is not a disability under the first prong, the undersigned recommends that Judge DeGuilio find that Plaintiff is not disabled under the second prong.

### *3. Regarded as Having an Impairment*

Before the enactment of ADAAA in 2009, "an employee was not 'regarded as' disabled by his employer unless his employer believed he satisfied the definition of 'disabled' under the ADA." *Steffen v. Donahoe*, 680 F.3d 738, 743 (7th Cir. 2012) (citing *Sutton*, 527 U.S. at 490; 29 C.F.R § 1630.2(*l*) (2007)). "Thus, an employee believed to have an impairment was not 'regarded as' disabled unless his employer believed that impairment substantially limited the employee in a major life activity." *Id.* This has changed. The ADAAA provides that a Plaintiff is regarded as disabled "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity" with the caveat that this provision does "not apply to impairments that are transitory and minor." 42 U.S.C. § 12102; *Steffen*, 680 F.3d

9

at 743.³

"Establishing that an individual is 'regarded as having such an impairment' does not, by itself, establish liability." 29 C.F.R. § 1630.2(*l*)(3). A plaintiff must also prove "that a covered entity discriminated on the basis of disability within the meaning of [42 U.S.C. § 12112]." *Id.*; *see also Butler*, 2012 WL 5315034, at *3. "As Federal Regulations make clear, this prong requires proof of causation." *Butler*, 2012 WL 5315034, at *3 (citing 29 C.F.R. § 1630.2(*l*)).

In the first place, Plaintiff's allegations do not support an inference that he was regarded as disabled by his employer at the time he was transferred to inside sales. Plaintiff's sole contention is that, because Defendant Contractors Steel provided him with FMLA paperwork, Defendants regarded him as disabled. This is not the case. The paperwork could support an inference that Defendants thought of him as having an impairment at the time he took his leave, but there are no reasons to think that this perception persisted when Plaintiff returned. He does not allege that he had any restrictions upon his return that could give rise to such a perception. Nor does he allege that anyone (including himself) made any mention of his hernia, his surgery, or anything about his physical or mental abilities after he began working again.

Plaintiff moreover fails to allege that he was transferred because of such a perception. The Complaint describes at some length Plaintiff's meeting with Defendant Haendiges. But his hernia is never once mentioned or even alluded to. The strongest claim Plaintiff has (though Plaintiff makes no mention of it in his brief) is the timing of the transfer, which came immediately upon his return. *See Butler*, 2012 WL 5315034, at *4 n.44 (explaining that close timing "may give rise to an

---

³ "A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102. A contention that an impairment was "'transitory and minor' is a defense to an ADA claim under the 'regarded as' prong for which [Defendants] bear[] the burden of proof." *Baier v. Rohr-Mont Motors, Inc.*, CIV.A. 12 C 8234, 2013 WL 2384269, at *6 (N.D. Ill. May 29, 2013) (citing 29 C.F.R. § 1630.15(f)).

10

inference that the adverse employment action was related to the employee's being regarded as having a disability." (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)); *accord Martino v. W. & S. Fin. Grp.*, 715 F.3d 195, 204 (7th Cir. 2013) (explaining that, in the context of Title VII, that "[s]uspicious timing can be circumstantial evidence of discrimination."). But given the lack of allegation that Defendants regarded Plaintiff as disabled and the Complaint's lack of specificity about the circumstances of his transfer, the Court does not think such an inference is warranted.

Plaintiff's allegations that he was fired for his disability and that he was treated differently than other similarly situated but non-disabled employees are conclusory and are not supported by any factual allegations. In light of this, the undersigned recommends that Judge DeGuilio find that Plaintiff was not disabled under the third prong and, thus, that his claims under the ADA in Count III be dismissed without prejudice and with leave to amend his Complaint.

## V. Conclusion

For these reasons, the undersigned **RECOMMENDS** that Judge DeGuilio grant Defendants' 12(b)(6) Motion to Dismiss Counts I, II, and III of Plaintiff's Complaint [DE 8], but with relief different than requested. The undersigned **RECOMMENDS** that Counts I, II, and III be dismissed without prejudice and with leave for Plaintiff to amend his Complaint.

This Amended Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Report and Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Willis v.*

*Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 2nd day of September, 2014.

 s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record