UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| THOMAS BRODZIK, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:13-CV-438 JD |
| | ) |
| CONTRACTORS STEEL CO. and | ) |
| MARTY HAENDIGES, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

After being told by his employer that he was eligible and approved for leave under the Family and Medical Leave Act, Thomas Brodzik took a six-week leave of absence to undergo abdominal surgery. Upon his return, he was informed that he was being moved to a different position, and when Mr. Brodzik questioned the change, his supervisor became irate and threatening, so Mr. Brodzik left and did not return. He then filed this action, asserting claims under the FMLA, a claim for promissory estoppel under state law, and a claim under the Age Discrimination in Employment Act. Discovery is ongoing, but the defendants filed a preliminary motion for summary judgment on the FMLA claims, contending that Mr. Brodzik was not eligible for leave under the FMLA because he did not work at a site that had at least 50 employees within a 75 mile radius. Mr. Brodzik responded in opposition to that motion, and his response brief also sought summary judgment in his favor on the FMLA and promissory estoppel claims. For the following reasons, both parties' motions are denied.

### **I. FACTUAL BACKGROUND**

Plaintiff Thomas Brodzik began working with Defendant Contractors Steel Company in an outside sales position on September 12, 2010. [DE 41-1 p. 1]. On May 21, 2012, he applied

for FMLA leave so that he could undergo hernia surgery due to severe abdominal pain. [*Id.*] He filled out a form that was given to him by Contractors entitled "Application for Family or Medical Leave," in which he requested leave from July 16 to August 13, 2012. [*Id.* p. 3]. In response, Contractors gave him a form it had completed entitled "Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act)," dated May 21, 2012. [*Id.* p. 4]. The document informed Mr. Brodzik that he was eligible for FMLA leave, and it notified him of his rights and responsibilities for taking FMLA leave. On June 26, 2012, Contractors provided Mr. Brodzik with a "Designation Notice" that informed him that his FMLA leave request was approved, and that his leave would be designated as FMLA leave. [*Id.* p. 9]. Another Designation Notice, dated August 15, 2012, extended Mr. Brodzik's FMLA leave through August 26, 2012, and again stated that his FMLA leave request was approved. [*Id.* p. 10].

Mr. Brodzik was on leave for about six weeks, and returned to work on August 27, 2012. Upon his return, however, he was informed by Defendant Marty Haendiges, his supervisor, that he would be moved to an inside sales position instead of returning to his prior outside sales position. [DE 41-1 p. 1]. Mr. Brodzik believed that these positions were not equivalent, in that he would have to be trained in new equipment and procedures, and the new position would not involve field work or calling on clients in person and thus allowed fewer commission opportunities. When he expressed these concerns to Mr. Haendiges, Mr. Haendiges "went into a long rage, became threatening, very angry and told [Mr. Brodzik] that [Mr. Brodzik] had to leave before he would 'kill somebody.'" [DE 41-1 p. 2]. Mr. Brodzik states that this caused him to fear for his life, and that his working conditions were so intolerable that he felt he could not return to his position. Accordingly, he left the premises and did not return to his employment.

Mr. Brodzik then filed this action. He contends that the inside sales position he was assigned to upon his return from leave was not equivalent to his prior position, and that Mr. Haendiges' conduct was so threatening and abusive that he was constructively discharged from his employment. His amended complaint raises four theories of recovery as to those two alleged adverse actions. Count 1 asserts that the defendants interfered with Mr. Brodzik's rights under the FMLA in both of those respects, and Count 2 asserts that the defendants retaliated against him for exercising his FMLA rights. Count 3 is a promissory estoppel claim under state law, asserting that even if Mr. Brodzik did not qualify as an eligible employee under the FMLA so as to be protected under that statute, he relied on the defendants' representations regarding his entitlement to FMLA leave, and should be able to enforce those rights as a quasi-contractual matter. Finally, Count 4 asserts that the defendants discriminated against Mr. Brodzik based on his age, in violation of the Age Discrimination in Employment Act.[1] All four claims are against both Contractors and Mr. Haendiges.

## II. STANDARD OF REVIEW

On summary judgment, the moving party bears the burden of demonstrating that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Where a factual record

---

[1] There is no allegation or evidence in the record that Mr. Brodzik filed a charge of age discrimination with the EEOC prior to this suit, but since that is not a jurisdictional requirement, the Court need not raise that matter on its own motion. *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir. 2008) ("A plaintiff generally cannot bring a claim in an ADEA lawsuit that was not alleged in the EEOC charge, and, while not a jurisdictional requirement, it is a prerequisite with which a plaintiff must comply before filing suit.").

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *King v. Preferred Technical Grp.*, 166 F.3d 887, 890 (7th Cir. 1999). However, the non-moving party cannot simply rest on the allegations or denials contained in its pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). Finally, the fact that the parties have cross-filed for summary judgment does not change the standard of review; cross-motions are treated separately under the standards applicable to each. *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 504 n.4 (7th Cir. 2008).

### III.  DISCUSSION

The defendants seek summary judgment on Mr. Brodzik's claims under the FMLA, asserting that he is not an "eligible employee" as defined by the FMLA and thus cannot maintain an action under that statute. Mr. Brodzik responded in opposition to that motion, contending that he was an eligible employee, or, in the alternative, that the defendants should be equitably estopped from denying his eligibility. In his response brief, Mr. Brodzik also requested summary judgment in his favor on his FMLA interference and retaliation claims and his promissory estoppel claim. The Court addresses the parties' respective requests separately.

A.      The Defendant's Motion for Summary Judgment

In their motion for summary judgment, the defendants assert that Mr. Brodzik cannot prevail on his claims under the FMLA because he was not an "eligible employee," and thus had no rights protected by that statute. The FMLA extends certain rights to "eligible employees." 29 U.S.C. § 2612(a). In order to qualify as an eligible employee—and thus to be able to assert a claim for a violation of those rights—an employee must meet certain criteria. Specifically, the employee must have been employed with their current employer for at least 12 months, and have worked at least 1,250 hours in the previous 12-month period. *Id.* § 2611(2)(A). However, as relevant here, "[t]he term 'eligible employee' does not include . . . any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." *Id.* § 2611(2)(B)(ii). The number of employees is determined as of the date the employee gives notice of the need for leave. 29 C.F.R. § 825.110(e).

The defendants do not dispute that Mr. Brodzik worked for the requisite time period and number of hours. However, they insist that Contractors did not employ fifty or more people within 75 miles of Mr. Brodzik's worksite. Specifically, they assert that at the time Mr. Brodzik gave notice of his intent to request leave on May 21, 2012, Contractors employed only 31 employees at their East Chicago, Indiana location, where Mr. Brodzik worked. They also assert that none of their other four locations were within 75 miles of the East Chicago location, meaning that they did not employ at least 50 people within 75 miles of Mr. Brodzik's worksite. They supported these assertions with an affidavit from Contractors' chief operating officer, along with an employee roster. The defendants argue that Mr. Brodzik cannot dispute these facts, and that summary judgment is therefore proper as to whether they employed at least 50 people within 75 miles of Mr. Brodzik's worksite.

5

The record is not as unequivocal as the defendants contend, though. In response to Mr. Brodzik's request for FMLA leave, Contractors provided him with a notice dated May 21, 2012, entitled "Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act)." [DE 41-1 p. 4]. The notice was completed by "Tina/HR Dept." on a form prepared by the U.S. Department of Labor for use by employers. The top of the form states, "In general, to be eligible an employee must have worked for an employer for at least 12 months, have worked at least 1,250 hours in the 12 months preceding the leave, and work at a site with at least 50 employees within 75 miles." [*Id.*]. The form then allows the employer to indicate with a checkmark whether the employee is eligible for FMLA leave, and if not, why. It states, "This Notice is to inform you that you:", after which it gives several options. One option states: "Are eligible for FMLA leave." [*Id.*] Another option states that the employee is not eligible for FMLA leave because "[y]ou do not work and/or report to a site with 50 or more employees within 75 miles." [*Id.*] The form given to Mr. Brodzik contains a check mark next to the first option, informing him that he is eligible for FMLA leave, and does not contain any mark next to the option indicating that he does not work at a site with 50 or more employees within 75 miles. [*Id.*] The remainder of the form then informs Mr. Brodzik of his rights and responsibilities for taking FMLA leave.

This document creates a genuine dispute of fact, as it could be construed as an admission by Contractors that it did employ 50 or more employees within 75 miles of Mr. Brodzik's worksite at the time. The top of the form states, in part, that an employee must work at a site with at least 50 employees within 75 miles to be eligible, and Contractors checked next to the statement in the middle of that same page that Mr. Brodzik was eligible for FMLA leave, indicating that he in fact met that requirement. Likewise, the form also allowed Contractors to inform Mr. Brodzik that he did not work at a site with 50 or more employees within 75 miles, in

6

which case he would not have been eligible for FMLA leave. But Contractors did not check that option, and instead checked that Mr. Brodzik was eligible. A reasonable jury could therefore conclude from this document, which was completed by Contractors, that Contractors employed 50 or more employees within 75 miles of Mr. Brodzik's workplace. The evidence the defendants submitted in support of summary judgment does not negate that evidence, but merely creates a factual dispute that a jury will have to resolve. Accordingly, the defendants' motion for summary judgment must be denied, and the Court need not reach Mr. Brodzik's alternative argument that the defendants should be equitably estopped from contesting his eligibility.

**B.     Mr. Brodzik's Request for Summary Judgment**

In his brief in response to the defendants' motion for summary judgment, Mr. Brodzik also requested summary judgment in his favor on his claims for FMLA interference (Count 1), FMLA retaliation (Count 2), and promissory estoppel under state law (Count 3). He argues that there is no genuine dispute that the defendants should be equitably estopped from denying that he is an eligible employee under the FMLA, that the defendants interfered with his FMLA rights by failing to restore him to the same position and by constructively discharging him following his return, that they retaliated against him due to his FMLA leave, and that those same facts establish his promissory estoppel claim, too. In response to these requests, the defendants argue that they are procedurally improper, factually unsupported, and premature. The Court agrees with the defendants in each respect.

First, if Mr. Brodzik wanted summary judgment granted in his favor, he needed to file his own motion for summary judgment, especially where he was seeking summary judgment on issues other than those raised in the defendants' motion. The local rules state that all motions must be filed separately, and they also require a separate supporting brief for any motion for summary judgment. N.D. Ind. L.R. 7-1(a), (b)(3). Mr. Brodzik did not even file a motion,

7

though; he merely responded to the defendants' motion. That is unacceptable, particularly since the local rules have different requirements for opening and response briefs, and give different deadlines for the opposing party to file a response versus a reply brief. *Id.* 56-1(a), (b), (c). Accordingly, the Court denies Mr. Brodzik's requests on that basis.

Second, Mr. Brodzik's evidence fails to establish each of the elements of these claims, as to which he bears the burden of proof. For example, for either equitable estoppel[2] or promissory estoppel to apply, Mr. Brodzik would need to show that he reasonably relied to his detriment on the defendants' promises or representations. *Peters v. Gilead Scis., Inc.*, 533 F.3d 594, 600 (7th Cir. 2008); *Minard v. ITC Deltacom Comm'ns, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006). In support of this element, Mr. Brodzik states only, "I relied upon the representations of Contractors . . . ." [DE 41-1 p. 1]. However, that is a bare legal conclusion that is entitled to no weight at summary judgment, and does not indicate whether, had he known he was not eligible for FMLA leave, Mr. Brodzik would have or could have done anything differently to avoid the results that ensued. Thus, Mr. Brodzik has failed to show that he is entitled to summary judgment in his favor on that issue.

Further, though neither party has distinguished among the two defendants relative to these motions, the evidence is not the same as to both Contractors and Mr. Haendiges in relation to equitable estoppel or promissory estoppel. Both of those doctrines require that the party being estopped made a promise or representation. *Peters*, 533 F.3d at 600; *Minard*, 447 F.3d 359. As to

---

[2] Assuming that a party can use equitable estoppel to become an eligible employee under the FMLA in the first place. The Seventh Circuit has not yet resolved that question, *Peters*, 533 F.3d at 599; *see Holder v. Ill. Dep't of Corrs.*, 751 F.3d 486, 493–95 (7th Cir. 2014) (noting, but not reviewing or analyzing on the merits, the district court's holding that the employer was equitably estopped from denying the plaintiff's eligibility for FMLA leave), and since it is not dispositive here at this point, the Court does not address it either.

Contractors, that requirement is likely satisfied by the forms it gave Mr. Brodzik notifying him that he was eligible and approved for FMLA leave. However, there is no indication that Mr. Haendiges completed or was even aware of those forms, or that Mr. Haendiges made any promise or representation to Mr. Brodzik relative to his entitlement to FMLA leave. Thus, Mr. Brodzik's request for summary judgment on those issues as to Mr. Haendiges is clearly unwarranted.

Third, Mr. Brodzik's request for summary judgment on these issues is premature, as the parties had not even begun engaging in discovery at the time he made the request. Unlike the defendants' motion, which addressed a discrete factual question that might have been amenable to an early resolution, the issues underlying Mr. Brodzik's requests are fact-intensive and will undoubtedly require factual development through discovery. Accordingly, consistent with Rule 56(d), defense counsel submitted an affidavit indicating that the defendants would need to preform discovery on a variety of subjects before they could adequately respond to the motion. Mr. Brodzik did not respond to this issue, and has provided no reason why the Court should entertain a motion for summary judgment on these fact-intensive questions before any discovery has been conducted. The Court therefore denies Mr. Brodzik's request on that basis, too.

## IV. CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment [DE 37] is DENIED, as is Mr. Brodzik's request for summary judgment.

SO ORDERED.

ENTERED: August 7, 2015

                                            /s/ JON E. DEGUILIO
                                          Judge
                                          United States District Court