UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THOMAS BRODZIK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:13-CV-438-JD-PRC |
| | ) | |
| CONTRACTORS STEEL, INC. and | ) | |
| MARTY HAENDIGES, | ) | |
|     Defendants. | ) | |

## FINDINGS, REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE PURSUANT TO
## 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on Defendants' Rule 41(B) and Rule 37 Motion to Dismiss and for Sanctions [DE 47], filed by Defendants Contractors Steel, Inc. and Marty Haendiges on June 29, 2015. Plaintiff Thomas Brodzik filed a response on July 13, 2015, and Defendants filed a reply on July 20, 2015.

On July 22, 2015, District Court Judge Jon E. DeGuilio entered an Order [DE 60] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report and Recommendation constitutes the undersigned Magistrate Judge's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

On November 27, 2013, Plaintiff Thomas Brodzik filed a Complaint against Defendants Contractors Steel, Inc. and Marty Haendiges. On February 21, 2014, Defendants filed an Answer and a Motion to Dismiss pursuant to Rule 12(b)(6).

On April 4, 2014, Plaintiff filed an Emergency Motion to Vacate Dismissal and Extend Briefing Schedule. The Court struck the motion due to Plaintiff's failure to comply with local rules regarding solliciting the agreement of opposing counsel.

On April 17, 2014, the parties filed an Agreed Motion Extension to Motion to Dismiss Briefing Schedule with Plaintiff's brief due April 30, 2014. On May 5, 2014, Plaintiff filed a Second Motion to Extend Briefing Schedule, which was filed five days after the brief was due.

On September 22, 2014, the Court granted the Motion to Dismiss, granting Plaintiff leave to file an amended complaint. On October 16, 2014, Plaintiff filed an Amended Complaint, and Defendants filed an Answer on October 30, 2014.

On October 17, 2014, the Court issued a Notice of Rule 16 Conference and set the deadline for filing the Parties' Rule 26(f) report of parties planning meeting for November 28, 2014.

On December 2, 2014, Defendants filed a Report of (Unsuccessful) Planning Meeting Efforts, and on December 3, 2014, Plaintiff filed a response. On December 4, 2014, the Court held the Rule 16(b) conference and issued a Scheduling Order, setting the fact and expert discovery deadline for June 26, 2015, and allowing Defendants to file a Motion for Partial Summary Judgment.

Defendants filed a Motion for Partial Summary Judgment on January 16, 2015. On February 10, 2015, Plaintiff filed an Agreed Motion to Extend Deadline for Plaintiff's Response to Defendants' Partial Summary Judgment Motion.

On April 22, 2015, Defendants issued Interrogatories and Requests for Production to Plaintiff. The same date, Defendants noticed the deposition of Plaintiff for June 3, 2015.

On May 7, 2015, counsel held a telephone conference regarding Plaintiff's counsel's verbal request for deposition dates for Defendant Marty Haendiges and Contractors Steel CCO Marc

Bokas. Plaintiff's request to take their depositions along with Plaintiff's depositions on the same day was rejected by defense counsel due to the anticipated length of Plaintiff's deposition. Plaintiff alternately proposed the depositions occur on two consecutive days–June 3 and 4, 2015.

On May 18, 2015, Plaintiff's counsel suggested deposition dates of June 17 and 18, 2015, again with a suggestion that all three depositions occur on one day. Defendants' attorney responded that June 17, 2015, was not available but that June 18, 2015, or any date between June 22-25, 2015, were available. Defendant's attorney proposed that, if Plaintiff was not concerned about the depositions being on consecutive days, then they should proceed with Plaintiff's deposition on June 3, 2015, as noticed and later choose a date for the other two depositions.

On May 28, 2015, Plaintiff sent an email request for an extension of time to respond to written discovery; the responses were due May 22, 2015.

On June 1, 2015, counsel for Defendants responded, indicating that the discovery deadline was June 26, 2015, that Defendants did not want to extend it, and agreeing that, if Plaintiff could provide a firm date for Plaintiff's deposition on either June 18, 22, 23, 24, or 25, then Defendants would agree to an extension to June 12, 2015, for the written discovery responses.

On June 2, 2015, Plaintiff served Interrogatories and Requests for Production on Defendants.

On June 4, 2015, Plaintiff's deposition was rescheduled by agreement with an amended notice of deposition for June 18, 2015.

On June 15, 2015, counsel for Defendants sent an email to Plaintiff's counsel asking about the status of written discovery responses that were due on June 12, 2015. On June 16, 2015, counsel for Defendants received Plaintiff's written discovery responses.

On June 17, 2015, Plaintiff cancelled the June 18, 2015 deposition because Plaintiff and counsel did not want to get caught in the Blackhawks' NHL Championship celebration. Plaintiff proposed the deposition be rescheduled for June 25 or June 26, 2015. Plaintiff proposed setting the depositions for Haendiges and Bokas those days as well.

On June 18, 2015, counsel for Defendants confirmed Plaintiff's deposition for June 25, 2015, and the depositions of Haendiges and Bokas for June 26, 2015. Another amended notice of deposition for Plaintiff was issued. Subsequently, Plaintiff's counsel's availability on June 25, 2015 changed, and the order of depositions was rearranged. Plaintiff's deposition was reset for June 26, 2015, beginning at 10:00 a.m., and Defendants' depositions were set for June 25, 2015, at 1:00 p.m. and 3:00 p.m.

On June 22, 2015, Plaintiff issued Haendiges and Bokas Notices of Deposition for June 25, 2015. On June 22 and 23, 2015, the law offices exchanged correspondence regarding court reporter information and to confirm scheduling.

On June 24, 2015, Defense counsel's assistant spoke with someone at Plaintiff's counsel's office to confirm the deposition schedule.

On June 25, 2015, Bokas traveled from Livonia, Michigan (near Detroit), for the depositions. That same date, Bokas and Haendiges presented as noticed for their depositions. No one for Plaintiff appeared. Defense counsel learned from the court reporter that Plaintiff's attorney called the court reporter at 12:00 noon to cancel the 1:00 p.m. deposition. Plaintiff's counsel had sent Defendants' attorney an email at 1:22 a.m. that morning, cancelling the depositions because Plaintiff felt disadvantaged that Defendant had not yet responded to Plaintiff's discovery requests and because he was uncertain whether Bokas and Haendiges were the best people to depose.

On June 25, 2015, Plaintiff's deposition was reconfirmed for June 26, 2015, beginning at 10:00 a.m. A call was received on June 26, 2015, that Plaintiff's counsel was running late. At 9:45 a.m., Plaintiff arrived at the deposition and then waited in the lobby for his attorney. At 10:40 a.m., Plaintiff's attorney appeared and stated that Plaintiff would not sit for his deposition if Haendiges was present. That same date, the parties discussed the right of a party to be present at a deposition, and Plaintiff continued to refuse to testify. A call was placed to the undersigned Magistrate Judge for ruling. Court staff conveyed a message that parties have a right to be present at Plaintiff's deposition and that if Plaintiff has an objection, the proper vehicle is a Motion for a Protective Order.

On June 29, 2015, Defendants filed the instant motion.

On July 6, 2015, Plaintiff filed a Motion for Protective Order, asking the Court to exclude Defendant Haendiges from Plaintiff's deposition.

On August 7, 2015, the Court denied Defendants' Motion for Partial Summary Judgment.

On August 21, 2015, the Court denied Plaintiff's Motion for Protective Order.

## ANALYSIS

Defendants seek dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 37(b), 37(d), and 41(b), arguing that Plaintiff has failed to comply with various court orders and many rules since this case was initially filed and most recently refused to sit for his deposition in the presence of Defendant Marty Haendiges.

Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under Rule 41(b), a court should only dismiss a case when "there is a clear record of delay

5

or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (citing *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2000)); *see also Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *See Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7 th Cir. 1998); *see also Ball v. City of Chi.*, 2 F.3d 752, 759-60 (7th Cir. 1993) (indicating that "[t]here should be an explicit warning in every case"). In considering such a dismissal, a district court should consider numerous factors, including the frequency and magnitude of the plaintiff's conduct, the prejudice to the defendant, the disruption to the orderly administration of the court's calendar, and the merits of the underlying litigation. *See Williams*, 155 F.3d at 857; *Bolt v. Loy* , 227 F.3d 854, 856 (7th Cir. 2000).

Although Plaintiff's delays have inconvenienced Defendants, there is not a clear record of delay nor is there contumacious conduct. For example, Plaintiff appears to have been accommodating by agreeing to Plaintiff's deposition taking place in Chicago, Illinois, to accommodate defendants and counsel. The Blackhawks' championship win and the affect on traffic in Chicago, Illinois, could not have been anticipated. However, the Court has denied Plaintiff's Motion for Protective Order and has ordered Plaintiff to give his deposition with Defendant Haendiges present, if sought by Haendiges. Although Plaintiff is correct that a "death threat is no minor event," if Plaintiff was as fearful of being in Haendiges' presence as he now claims to be, it is unclear why Plaintiff did not attempt to have Haendiges, a party defendant, excluded from Plaintiff's deposition well in advance of the deposition. Moreover, it has been two years since that alleged threat was made and there is no allegation before the Court that Haendiges has threatened Plaintiff since that time. More importantly, less drastic sanctions have not yet been sought. As set

6

forth below, it is more appropriate at this time to impose lesser sanctions on Plaintiff under Rule 37 and to require Plaintiff to attend his deposition with Haendiges present, as already ordered.

Defendants also seek dismissal and sanctions under Federal Rule of Civil Procedure 37. Rule 37(d) provides that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). The available sanctions are any of those listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*. Rule 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v).

The decision of whether to award sanctions under Rule 37 is a matter within the Court's discretion. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). In deciding to award sanctions under Rule 37, a court is not required to choose the least severe sanction available, rather, the sanction that the Court selects "must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Id*. (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 739 n.5 (7th Cir. 1998)). The sanction of dismissal is to be used only in extreme situations. *Sebastiano v. Swift Transp. Co., Inc.*, No. 08 C 2074, 2009 WL 277552, at *2 (N.D. Ill. Feb. 5, 2009). "[A] Rule 37(b)(2)[(A)(v)] dismissal . . . requires both a failure to comply with a discovery

order and a showing of willfulness, bad faith, or fault." *Id*. (quoting *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n. 5 (7th Cir. 1997)).

In addition, Federal Rule of Civil Procedure 30(g) provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition." Fed. R. Civ. P. 30(g).

First, the Court notes that Plaintiff's service of his Interrogatories and Requests for Production on Defendants less than thirty days before the close of discovery rendered those discovery requests untimely, and Defendants are not required to respond to those discovery requests. *See Gordon v. Northeastern REMC*, No. 1:02-CV-171, 2003 WL 21919179, at *2 (N.D. Ind. June 2, 2003) ("Discovery requests not filed in sufficient time to allow the opponent to respond within the discovery period are untimely and the opponent is under no duty to comply."); *see also Nowakowski v. Rounders Stadium Grill*, No. 2:07-CV-186, 2008 WL 5273814 (N.D. Ind. Dec. 18, 2008); *NIPSCO v. Colorado Westmoreland, Inc*, 112 F.R.D. 423, 424 (N.D. Ind. 1986) ("Common sense dictates that any requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination of discovery."). Plaintiff's untimely cancellation of Bokas' and Haendiges' depositions in the early morning hours on the day of the depositions in part because Plaintiff's untimely discovery requests had not been responded to was unjustified and is not well taken. Defendants were prejudiced by the late cancellation in that Bokas and Haendiges and their attorney incurred significant lost time and expense as a result.

Second, as addressed in the Order on Plaintiff's Motion for Protective Order, Plaintiff's refusal to testify at his deposition in the presence of Defendant Haendiges was not justified and was

8

prejudicial to Defendants. The deposition was set for the last day of the discovery period, and Plaintiff failed to obtain a court ruling on the presence of Defendant Haendiges at Plaintiff's deposition in advance of the deposition. It is inconceivable that counsel for Plaintiff would not anticipate that Haendiges, a party defendant, may be present at Plaintiff's deposition.

Third, Plaintiff was untimely by five days in responding to Defendants' written discovery. Even after an agreed extension of time to respond, Plaintiff did not provide the written discovery responses until two days before Plaintiff's then-set deposition. This caused counsel for Defendants to expedite preparation for the deposition, which was then cancelled as a result of the Blackhawks' celebration.

The Court finds Plaintiff's conduct in this litigation has prejudiced Defendants but that Defendants have not shown willfulness, bad faith, or fault, on the part of Plaintiff sufficient to warrant dismissal at this stage of the litigation. Rather, at this time, the less severe sanction of most of the costs sought by Defendants is appropriate. Defendants should be awarded their reasonable expenses, including attorney fees and mileage, for (1) the time and expense incurred as a result of Plaintiff's refusal to testify at his deposition, (2) Plaintiff's failure to proceed with his deposition and Defendants' depositions as noticed, and (3) the costs associated with bringing this motion. On this motion, the Court denies the then-premature request for costs associated with the Motion for Protective Order and the Motion to Extend Discovery deadline that Defendants anticipated Plaintiff would be filing.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** Defendants' Rule 41(B) and Rule 37 Motion to Dismiss and for Sanctions [DE

9

47]. The Court **RECOMMENDS** that the District Court deny the Motion to Dismiss brought pursuant to Rule 41(b), deny the Motion for Sanctions brought pursuant to Rule 37 as to the sanction of dismissal and the request for sanctions related to then not-yet-filed motions, grant the Motion for Sanctions brought pursuant to Rule 37 as to the remaining requested sanctions, and award reasonable expenses, including attorney fees, against Plaintiff and in favor of Defendants for

1. the time and expense incurred as a result of Plaintiff's refusal to testify at his deposition;
2. Plaintiff's failure to proceed with his own deposition and those of Defenandants Marty Haendiges and the Rule 30(b)(6) representative of Contractors Steel, Inc.; and
3. the costs incurred in bringing this motion.

The Court **RECOMMENDS** that the District Court warn Plaintiff that a future failure by Plaintiff to comply with the rules or a court order may result in dismissal pursuant to Federal Rule of Civil Procedure 41(b) or 37(b).

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Report and Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The*

*Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 21st day of August, 2015.

/s Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT