UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS BRODZIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:13-CV-438 JD |
| | ) |
| CONTRACTORS STEEL, INC. and | ) |
| MARTY HAENDIGES, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is the defendants' motion to dismiss and for sanctions [DE 47], on which the magistrate judge has filed a Report and Recommendation [DE 63] pursuant to a referral. The defendants moved to dismiss in response to various misconduct by the plaintiff in discovery, including the plaintiff's last-minute cancellation of two depositions he had noticed, and his refusal to sit for his own deposition due to the presence of one of the named defendants. In his Report and Recommendation, Magistrate Judge Cherry agreed that this conduct was improper and warranted sanctions, but found that it did not involve the degree of willfulness, bad faith, or fault required to justify dismissing an action with prejudice instead of letting it proceed to a resolution on its merits. Accordingly, Magistrate Judge Cherry recommended that the Court deny the defendant's request to dismiss the action, but grant the motion in other respects. Specifically, he recommended that the Court impose expenses incurred due to the plaintiff's misconduct, and caution the plaintiff that a future failure to comply with the Federal Rules or a court order may result in dismissal of this action.

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate

judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*. Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

The time for the parties to file objections to the Report and Recommendation has now passed and neither party has filed an objection. The Court therefore reviews the Report and Recommendation under the clear error standard. Having reviewed the parties' filings and the Report and Recommendation, the Court concurs with Magistrate Judge Cherry's analysis, and therefore ADOPTS the Report and Recommendation [DE 63] in its entirety. Accordingly, the defendants' motion [DE 47] is GRANTED in part and DENIED in part.

The Court AWARDS reasonable expenses, including attorney fees and mileage, against Plaintiff and in favor of Defendants for:

1. the time and expense incurred as a result of Plaintiff's refusal to testify at his deposition;

2. Plaintiff's failure to proceed with his own deposition and those of Defendants Marty Haendiges and the Rule 30(b)(6) representative of Contractors Steel, Inc.; and

3. the costs incurred in bringing this motion.

The Defendants shall file a verified statement of expenses within 2 weeks of today's date. If Plaintiff objects to the reasonableness of those expenses or that they exceed the scope of

expenses awarded under this order, he may file an objection within 2 weeks of that filing. The Court further WARNS Plaintiff that a future failure to comply with the Federal Rules or a court order may result in dismissal pursuant to Federal Rule of Civil Procedure 41(b) or 37(b).

SO ORDERED.

ENTERED: September 10, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court